# CIRCUIT COURT OF BALTIMORE CITY.

Filed November 1, 1926.

ISABEL P. SCHAEFFER
VS.
GEORGE A. M. SCHAEFFER.

GEORGE A. M. SCHAEFFER.
VS.
ISABEL P. SCHAEFFER.

*Wallis Giffen* for George A. M. Schaeffer.

*James Fluegel* and *William Purnell Hall* for Isabel P. Schaeffer.

**FRANK, J.—**

These two cases were by agreement heard together, the testimony taken to be considered as applicable to both cases. This was on March 17, 1926. At the conclusion of the testimony the case was submitted without argument and I delivered an oral opinion. I announced that I would dismiss Mrs. Schaeffer's bill for alimony and would grant an absolute divorce to Mr. Schaeffer upon the ground of abandonment for more than the period of three years. I gave the custody of the child to Mrs. Schaeffer and required Mr. Schaeffer to pay twelve dollars per week for its maintenance and support. Within a few days, I signed a decree accordingly.

Subsequent consideration of the case rendered me gravely doubtful of the correctness of my decision and accordingly, I, of my own motion, rescinded the decree and passed an order reopening the case and granting both sides the right to offer additional testimony. The right thus accorded was availed of by both parties and I have carefully read the testimony originally taken as well as all of the additional testimony.

In the second of these suits heard together, I have reached the conclusion that Mr. Schaeffer has failed to make out his case by a preponderance of the evidence as required by law. My attitude is admirably expressed in the language used by Judge Offutt in his opinion in Oertel vs. Oertel, 145 Md. on page 185.

"If the testimony adduced on behalf of the complainant were the only testimony in the case, we should not hesitate to grant the relief prayed, but in a contested case such as this, the complainant necessarily assumes the burden of establishing by a preponderance of the evidence the facts relied upon to justify the relief prayed (citing cases). And while the evidence * * * if uncontradicted, would be sufficient to gratify the requirements of the statute, requiring that the testimony of a party to a proceeding for divorce shall be corroborated, if uncontradicted, it is not sufficient to meet the burden imposed by the law upon the complainant of establishing the allegation of (his) bill of complaint by a preponderance of the evidence, when it is considered in connection with the testimony offered by the (defendant) which contradicts it, and which, measured either by the number of the witnesses familiar with the facts who gave it, or by the character of their testimony, decidedly outweighs that offered by the complainant."

Holding these views, I must dismiss Mr. Schaeffer's bill of complaint.

It follows that Mr. Schaeffer's abandonment of the matrimonial home was without lawful justification.

Bounds vs. Bounds, 135 Md. 220, 225.

Mrs. Schaeffer is therefore entitled to the relief prayed in her bill of complaint. I shall award her the custody of the child and permanent alimony of fifteen dollars per week for the support of herself and child. If counsel cannot agree on the allowance of counsel fee to Mrs. Schaeffer's solicitors, I shall fix the same.